# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISRICT OF WISCONSIN

DANIEL WEBSTER and GARY GRAVES,  )
THE GOAT LLC                      )
                                  )
            Plaintiffs,           )
                                  )
                                  )  **JURY TRIAL DEMANDED**
v.                                )
                                  )  **CIVIL ACTION NO. 23-cv-1526**
                                  )
ADVANCED WHOLESALE LLC and        )
NICHOLAS NEWGARD                  )
                                  )
            Defendant.            )

## MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

In response to the Court's Order of January 23, 2024, Plaintiffs Daniel Webster, Gary Graves, and the Goat LLC ("Plaintiffs") respectfully submit this memorandum in support of their request that the Court hold Defendants Advanced Wholesale LLC and Nicholas Newgard ("Defendants") in default for their failure to respond to Plaintiffs' complaint filed on November 14, 2023. Plaintiffs further request that the Court enter the proposed Default Judgment Order attached hereto awarding injunctive relief and monetary sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND OF THE CASE

The complaint asserts several causes of action against Defendants including infringement under the Patent Laws of the United States; trademark, trade dress, and false designation of origin under the Trademark Laws of the United States; and unfair competition and deceptive trade practices under Wisconsin State Law. As stated in the complaint, these causes arise from Defendants' unauthorized sales and marketing of Roof Climbing Tools that are a direct infringement of Plaintiffs' U.S. Patent No. 9,551,184 ("the '184 Patent") and Defendants'

unauthorized use of Plaintiffs' trademarks in connection with the infringing sales, including U.S. Registration No. 7,078,257 ("the '257 Registration") and U.S. Registration No. 7,153,441 ("the '441 Registration") (jointly "the Trademark Registrations"). The '184 Patent and the '257 and '441 Registrations were duly issued by the U.S. Patent and Trademark Office to the Plaintiffs.

After a short period in which Defendants purchased and resold the product, Plaintiffs orally informed the Defendants they were no longer authorized to sell Plaintiffs' Roof Climbing Tool that is protected by the '184 Patent and the Trademark Registrations. (Compl. Dkt. 1, ¶¶ 26, 29.) In disregard to Plaintiffs' clear and unequivocal notice, Defendants copied and continued selling the Roof Climbing Tool, including through various e-commerce sites such as Amazon.com, Esty, and their own website. (*Id*., ¶¶ 28-32.) Defendants continued their infringement despite receiving multiple notices from Plaintiffs to cease selling and offering to sell the illegally replicated Roof Climbing Tool, and despite several attempts by Plaintiffs to have the unauthorized sales sites removed from Amazon.com and the other ecommerce platforms. (*Id*., ¶¶ 37-39.)

After filing the complaint in November 2023, Plaintiffs attempted to serve Defendants through a process server / private investigator. Plaintiffs determined that Defendants had abandoned their affiliation with the Deerfield, Wisconsin address that is listed as their principal office and the location of their registered agent with the Wisconsin's Secretary of State's Office. (Gross. Decl. ¶ 2). Through substantial effort, on December 27, 2023, the process server successfully located Nicholas Newgard at 2221 Co. Rd. in Baldwin, Wisconsin and served Mr. Newgard with a copy of the complaint and summons. (*Id*., ¶ 3).

Since that date, Defendants have not filed a responsive pleading or entered an appearance in this case. Defendants have not contacted the Plaintiffs or requested an extension of time to

2

respond.  Defendants have not attempted to defend themselves or resolve this case.  More importantly, Defendants have not indicated in any way they will cease their infringing activities and unfair competition with respect Plaintiffs' proprietary Roof Climb Tool.  The Court is therefore correct in directing Plaintiffs to seek the entry of Default Judgment against Defendants to move this case toward conclusion.

**DEFENDANTS ARE IN DEFAULT AND LIABLE**

Defendants were properly served with the complaint and summons on December 27, 2023.  (Dkt. 5, Summons Returned.)  Defendants had 21 days thereafter to answer or otherwise respond to the complaint.  Fed. R. Civ. P. 12(a)(1)(A)(i).  By failing to appear or otherwise respond in that time period, Defendants have defaulted and entry of a default judgment against them by this Court is appropriate.  Fed. R. Civ. P. 55(a),(b).

Furthermore, when a Defendant is in default, the well-plead facts of the complaint are accepted as true and liability on the asserted counts may be established.  *Wehrs v. Wells*, 688 F.3d 866, 888 (7th Cir. 2012).  Here, the facts of the complaint establish that Defendants have precisely copied and sold the Roof Climbing Tool that is the subject of the '184 Patent.  (Dkt. 1 Compl. ¶¶ 41-45.)  The validity of the '184 Patent is to be presumed.  35 U.S.C. § 282.  The complaint states that Defendants have never been licensed to infringe the '184 Patent, and that Plaintiffs clearly and unambiguously notified the Defendants that the infringing sales were not authorized or permitted.  (Id. ¶¶ 29, 46.)  Defendants are therefore liable for patent infringement pursuant to 35 U.S.C § 271.

The complaint also states that Defendants, without consent or authorization, have used in commence THE GOAT® word and/or design marks in connection with their patent infringing activities (Id. ¶¶ 52-54) in a manner that is likely to cause market confusion, thereby establishing

3

their liability for trademark infringement pursuant to 15 U.S.C. § 1117.  Defendants' use of THE GOAT® word and/or design marks in communications to the relevant consumers, and Defendants' commercial sales and offers for sale of a virtually identical copy of Plaintiffs' Roof Climbing Tool, further establishes liability for unfair competition and trade dress infringement under 35 U.S.C. § 1125.  (*Id*., ¶¶ 60-61, 67-69.).  Defendants' infringing activities with respect to the Roof Climbing Tool and THE GOAT® word and/or design marks, and their false and misleading commercial representations and statements to the public, irrefutably establish unfair competition and deceptive trade practices under WIS. STAT. § 100.20. and WIS. STAT. § 100.18.

Defendants' liability is also willful.  Defendants have never contacted or communicated with Plaintiffs since the filing of the complaint and have never agreed to or indicated they would cease their infringing activities.  On information and belief, Defendants still maintain the ability to produce infringing copies of the Roof Climbing Tool and the distribution channels to sell and offer to sell the infringement using THE GOAT® word and/or design marks, including through the internet.  The fact that Defendants have been repeatedly notified by Plaintiffs that their conduct was not authorized and would not be tolerated, and Defendants' direct and deliberate copying of the Roof Climbing Tool and THE GOAT® word and/or design marks, shows conclusively that Defendants' infringement of Plaintiffs' patent and trademarks and their disregard for Plaintiffs' legal rights has been and is intentional and willful.

**PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF AND DAMAGES**

Injunctive relief is appropriate where (1) the plaintiff has suffered and will continue to suffer irreparable injury; (2) the plaintiff lacks an adequate remedy at law; (3) the balance of hardships favor the plaintiff; and (4) the public interest is not adverse to an injunction.  *Spectrum Brands, Inc. v. I&J Apparel, LLC*, No. 16-cv-741, 2017 LW 2303577, at * 2 (W.D. Wis. 2017).

4

The uncontroverted facts of the complaint establish that Defendants' infringement has injured and will continue to injure Plaintiffs. Defendants refusal to participate in this case and their failure to even communicate with Plaintiffs, coupled with a lack of any commitment to cease or forego their infringing activities, demonstrates that Plaintiffs have no recourse against further infringement without a clear and unmistakable court order enjoining the Defendants from further violating Plaintiffs' patent and trademarks, and directing Defendants to cease all misleading and deceptive marketing and advertising activities.

Plaintiffs have built a successful business promoting and selling their inventive Roof Climbing Tool to roofers and construction contractors. Defendants have undercut that business through their illegal infringement and unfair competition. The balance of hardships clearly weighs in favor of Plaintiffs. Furthermore, the public interest favors enforcing Plaintiffs' intellectual property rights absent countervailing circumstances that are not present in this case.

As alleged in the complaint, Defendants have reproduced the tools to manufacture the infringing Roof Climbing Tool, or have otherwise arranged to obtain exact copies of the Roof Climbing Tool. (Compl. Dkt. 1, ¶¶ 26, 29.) Defendants are likely to circumvent or disregard any injunction if they are allowed to maintain custody, control, or access to those tools of infringement. The Defendants should therefore deliver up and/or destroy all copies of the Roof Climbing Tool and the molds, casts, tooling and other means of manufacturing the same. 15 U.S.C. § 1117.

Defendants' default in this case has conclusively established infringement of the '184 Patent and thus entitles Plaintiffs to damages adequate to compensate for the infringement. 35 U.S.C. § 284. Moreover, because of Defendants' violation of THE GOAT® word and/or design

marks, Plaintiffs are entitled to recover (1) Defendant's profits, (2) monetary damages suffered by Plaintiff; and (3) costs of the bringing the action. 15 U.S.C. § 1117(a).

Defendants' refusal to respond to Plaintiffs' inquires and to engage in this lawsuit makes it difficult to properly calculate the full extent of the injury caused by Defendants' illegal activities. Plaintiffs therefore request that the Court order Defendants to provide an accounting of all sales and offers for sale of the infringing Roof Climbing Tools, including the amounts, costs, and identities of the purchasers or prospective purchasers. Once Plaintiffs are provided with an accounting, they will be able to assess the full scope of damages and can calculate an appropriate amount for compensation.

In the alternative, the federal trademark laws allow for an award of statutory damages of not more than "$200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed." 15 U.S.C. § 1117(c). Defendants' disregard for this lawsuit is the reason for the difficulty in determining the full scope and harm caused to Plaintiffs. It is certain, however, that Defendants' commercial use of the exact marks to sell infringing Roof Climbing Tools to the same customer base has caused substantial harm. Accordingly, an award of $200,000.00 total, estimated based upon $100,000.00 per infringement of the '257 Registration and '441 Registration, is entirely appropriate.

### PLAINTIFFS ARE ENTITLED TO COSTS AND ATTORNEY FEES

The uncontroverted facts established through default also demonstrate that Defendants have willfully and intentionally infringed upon Plaintiffs' patent and trademarks. Without authorization, and in blatant disregard to multiple notices from Plaintiffs, the Defendants reproduced or obtained exact copies of the Roof Climbing Tool they then sold and offered for sale in the United States, in clear violation of the '184 Patent. Defendants also distributed and/or

6

published in commerce direct copies of THE GOAT® word and/or design marks.  Then, after being served with the complaint, Defendants refused to engage in this lawsuit or even communicate with Plaintiffs.  Defendants conduct renders this case exceptional and justifies an award of costs and attorney fees.  35 U.S.C. § 285; 15 U.S.C. § 1117(a) ("The Court in exceptional cases may award reasonable attorney fees to the prevailing party.").  Plaintiffs have incurred $402.00 in costs for filing the complaint, $200.00 in serving the complaint and summons on Defendants, and $1500.00 in investigating and purchasing an infringing version of the Roof Climbing Tool  (Gross Decl. ¶¶ 7-8).  Plaintiffs have also have reasonably expended $ 67500.00 in attorney fees in connection with the preparation and filing of the complaint and client consultation related to the same.  (Gross Decl. ¶ 6).

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter Default Judgment against Defendants in the form of the Proposed Order including (1) permanently enjoining Defendants from further infringement of the '184 Patent, the '257 Registration, and the '441 Registration; (2) prohibiting Defendants from making any misrepresentations, deceptive statements, or unauthorized offers or sales in commerce, in connection with the Roof Climbing Tool and/or about Defendants' affiliation with Plaintiffs and Plaintiffs' business; (3) requiring Defendants to deliver to Plaintiffs, or to verify the destruction of, all infringing versions of the Roof Climbing Tool, the molds, casts and/or tooling to manufacture the Roof Climbing Tool, and the advertising, marketing, promotion, packaging, and shipping associated with the Roof Climbing Tool including the permanent removal of all websites and e-commerce listings for the Roof Climbing Tool or that infringe Plaintiffs' intellectual property rights; (4) produce to

7

Plaintiffs an accounting of all infringing sales and offers for sale or, in the alternative, an award of statutory damages in the amount of $200,000.00 based on the per mark infringement the '257 Registration and the '441 Registration; and (5) pay to Plaintiffs costs in the amount of $402.00 in filing fees, $1700.00 for service and investigation, and attorney fees in the amount of $6750.00.

Respectfully submitted,

Date: February 6, 2024

/s/ J. Karl Gross
J. Karl Gross, Reg. No. 6275041
kgross@leydig.com
LEYDIG, VOIT & MAYER, LTD
180 N. Stetson Ave.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601
Ph. 312-616-5600
Fax. 312-616-5700

Attorneys for Plaintiffs