# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

THE GOAT LLC, DANIEL WEBSTER, and GARY GRAVES,

                Plaintiffs,

v.

ADVANCED WHOLESALE LLC and NIKOLAS NEWGARD,

                Defendants.

Case No. 23-CV-1526-JPS

**ORDER**

On April 12, 2024, the Court granted Plaintiffs The Goat LLC, Daniel Webster, and Gary Graves's ("Plaintiffs") motion for default judgment against Defendants Advanced Wholesale LLC and Nikolas Newgard ("Newgard"[1] and with Advanced Wholesale LLC, "Defendants"). ECF No. 11. As a result, the Court entered both a permanent injunction and a default judgment against Defendants. ECF Nos. 12, 13. Now before the Court is Defendants' May 20, 2024 motion to vacate the default judgment and the permanent injunction. ECF No. 16; ECF No. 17 at 16.

Defendants move to vacate the default judgment and permanent injunction under Federal Rules of Civil Procedure 60(b)(4) and 60(b)(1). ECF No. 17 at 2–4. Under Rule 60(b)(4), Defendants contend that the judgment is void due to insufficient service of process. *Id.* at 4–6. In support of this

---

[1] Defense counsel discloses that Newgard's name is spelled "Nikolas Newgard" instead of the previously named "Nicholas Newgard" and duplicates Newgard's name on the docket in an effort to correct the error. ECF Nos. 15, 19. The Court will direct the Clerk of Court to (1) correct the spelling of Newgard's name to "Nikolas Newgard" on the docket (2) terminate the duplicate party name.

assertion, they submit a declaration, signed by Newgard under penalty of perjury, attesting to the fact that Plaintiffs' private investigator and process server, Erika Maghakian ("Maghakian"), did not deliver the complaint and summons to Newgard when she arrived to serve him at his Baldwin, Wisconsin address in December 2023. ECF No. 18 at 2. This assertion contradicts Maghakian's affidavits of service, which are also signed and submitted under penalty of perjury. ECF No. 5; ECF No. 21 at 3, 5 (affidavits of service).

While "[a] process server's affidavit identifying the recipient and when and where service occurred is 'prima facie evidence of valid service which can be overcome only by strong and convincing evidence,'" the Seventh Circuit is clear that district courts may not discount a defendant's affidavit refuting service as such "strong and convincing evidence" solely on the ground that it is "self-serving." *Durukan America, LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163–64 (7th Cir. 2015) (quoting *O'Brien v. R.J. O'Brien & Assocs. Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). The Seventh Circuit specifically counsels that, under these circumstances, "a determination of credibility cannot be made on the basis of an affidavit. That is, a judge cannot take two affidavits which swear to opposite things and say, 'I find one of the affidavits more credible than the other, and therefore I shall accept it as true.'" *Id.* (quoting *Castillo v. United States*, 34 F.3d 443, 446 (7th Cir. 1994) and collecting cases).

District courts interpreting *Durukan* read it as requiring an evidentiary hearing even where, as here, the defendant's declaration "offers nothing more than a denial of having been personally served." *State Farm Fire & Cas. Co. v. Greichunos*, No. 2:16-CV-389-PRC, 2017 WL 1856687, at *3 (N.D. Ind. May 9, 2017) (citing *Homer v. Jones-Bey*, 415 F.3d 748, 750–51 (7th

Cir. 2005)); *see also Sequoia Fin. Sols., Inc. v. Ill. Dep't of Revenue*, No. 14 C 6688, 2015 WL 13849996, at *3 (N.D. Ill. July 27, 2015) ("In light of the Seventh Circuit's latest ruling involving service of process, the Court chooses to hold an evidentiary hearing to parse out such issues because our determination of the credibility of affiants and declarants cannot be made on the basis of the affidavits and declarations themselves.") (citing *Durukan*, 787 F.3d at 1164); *United States ex rel. Perez v. Williams*, No. 08-CV-4326, 2022 WL 44696, at *6 (N.D. Ill. Jan. 5, 2022) ("The Seventh Circuit requires district courts to hold an evidentiary hearing when there are disputed questions of fact about service of process.") (citing *Durukan*, 787 F.3d at 1164); *Bell v. AU Hosp., LLC*, No. 117CV00956JMSMPB, 2019 WL 188692, at *4 (S.D. Ind. Jan. 14, 2019) ("The Court is therefore left with two conflicting affidavits: one in which [the] process server . . . claims that he served [defendant] and another in which [defendant] claims that he was not served . . . . [O]nly a live hearing can resolve this factual dispute.") (citing *Durukan*, 787 F.3d at 1164).

Accordingly, the Court is constrained by this authority[2] to, at a minimum, offer the parties an evidentiary hearing on the issue of whether Maghakian personally served Newgard as she avers that she did. In their reply brief, Defendants appear to request an evidentiary hearing. ECF No. 22 at 4–5 (collecting cases). With this Order, the Court seeks to "confirm that

---

[2]The Court would be remiss not to note that neither Plaintiffs nor Defendants referred the Court to this binding Seventh Circuit authority. The parties have a continued duty of candor to the Court, which includes the obligation to thoroughly research all pertinent legal issues. Even if authority runs contrary to a party's position, that party is required to point the Court to that authority and, if possible, try to distinguish it. The Court expects the parties to approach the remainder of these proceedings, including any evidentiary hearing, with the candor, preparedness, and ethicality required of all litigants before the Court.

[the parties] [do], in fact, seek an evidentiary hearing." *Williams*, 2022 WL 44696, at \*6. If so, the Court is prepared to, and will, hold an evidentiary hearing to hear testimony from both Maghakian and Newgard on the matter. If the parties are willing to waive an evidentiary hearing, the Court will proceed to address the motion to vacate the default judgment on the papers and with the evidence currently before it.[3] If the parties choose to waive an evidentiary hearing, a signed waiver must be filed on the docket. The parties shall confer and jointly call the Court's staff at (414) 297-1122 within **Seven (7) days** of this Order to communicate their preference and, if their decision is to proceed with an evidentiary hearing, to select a date and time mutually agreeable with the Court and counsel for the parties.

Accordingly,

**IT IS ORDERED** that the parties confer and jointly call the Court's staff at (414) 297-1122 within **Seven (7) days** of this Order to communicate their preference on whether to hold an evidentiary hearing on the matter of Erika Maghakian's service of Nikolas Newgard; if their decision is to proceed with an evidentiary hearing, the parties shall be prepared to select a date and time mutually agreeable with the Court and counsel for the parties; and

**IT IS FURTHER ORDERED** that the Clerk of Court correct the spelling of Defendant Newgard's name to "Nikolas Newgard" on the docket and terminate the duplicate party name.

---

[3]There is some persuasive authority, set forth in *Williams*, that a party may choose to waive an evidentiary hearing to avoid Fifth Amendment or perjury implications. 2022 WL 44696, at \*6, \*13 & n.7.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2024.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge